**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

JOÃO ALMEIDA,

      Plaintiff,

v.

TABELAFIPEBRASIL.COM, an Internet
domain name, and JOHN DOE,

      Defendants.

Civil Action No. 1:19-cv-1105

## VERIFIED COMPLAINT

Plaintiff João Almeida ("Mr. Almeida"), by counsel, alleges as follows for his Verified Complaint against Defendants:

## NATURE OF THE SUIT

1. Mr. Almeida's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." Mr. Almeida's website at TabelaFipeBrasil.com had more than 2.5 million page views during the month of July 2019, and total page views for the site since it was first launched are over 93 million. Concurrently with the theft of the TabelaFipeBrasil.com domain name, the thief made an unauthorized copy of the source code, databases, and/or graphical user interfaces for the TabelaFipeBrasil.com website. Mr. Almeida is being irreparably harmed.

2. To recover his valuable intellectual property, Mr. Almeida asserts *in rem* claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), under 28 U.S.C. § 1655, and Virginia common law, and *in personam* claims under the Copyright Act, 17 U.S.C. §

© 2019 Wiley Rein LLP.  All rights reserved.

101, et seq., the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Mr. Almeida's secured computer account and the unauthorized transfer and theft of the TabelaFipeBrasil.com domain name (the "Defendant Domain Name").

3.      Mr. Almeida seeks injunctive and other relief as a result of the actions of a person of unknown identity who gained unauthorized access to Mr. Almeida's domain name management account and hosting account on a protected computer, transferred control of the Defendant Domain Name from Mr. Almeida's account, and thereby disabled Mr. Almeida's control of the Defendant Domain Name causing irreparable injury to Mr. Almeida.

## PARTIES

4.      João Almeida is an individual resident of Portugal.  Mr. Almeida was, and is, the rightful owner of the Defendant Domain Name.

5.      Defendant TabelaFipeBrasil.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred from Mr. Almeida's domain registrar Tucows Domains Inc. to a different domain name registrar. A copy of the current, unauthorized domain name registration record for TabelaFipeBrasil.com is attached as Exhibit A.

6.      Defendant John Doe is a person of unknown identity who gained unauthorized access to Mr. Almeida's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from Mr. Almeida.

## JURISDICTION, VENUE AND JOINDER

7.      This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1655, the Computer

Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

8.    This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

9.    This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) and 28 U.S.C. § 1655.

10.    *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrant of the Defendant Domain Name is being concealed by the registrar and therefore Mr. Almeida cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Mr. Almeida, despite his due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).  Mr. Almeida will provide notice to the Defendants of his intent to proceed *in rem* against the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

11.    The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

12.    *In rem* jurisdiction is appropriate under 28 U.S.C. § 1655 because the TabelaFipeBrasil.com domain name is property situated in this district and Mr. Almeida is asserting his claim of ownership to the TabelaFipeBrasil.com domain name and seeking removal of the cloud on the title of the domain name.

© 2019 Wiley Rein LLP.  All rights reserved.

13.     Mr. Almeida's *in personam* claims against John Doe for violation of the Copyright Act, 17 U.S.C. § 101, et seq., the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district so as to effectuate the theft of the Defendant Domain Name.

14.     John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Mr. Almeida's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr. Almeida.

15.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1655 in that the Defendant Domain Name is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

16.     Joinder of the Defendant Domain Name and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to both of the Defendants.

## MR. ALMEIDA'S RIGHTS

17.     Mr. Almeida has a degree in computer science from "Faculdade de Ciências de Lisboa" of the University of Lisbon obtained in 1996, and has developed software and websites for many years.

© 2019 Wiley Rein LLP.  All rights reserved.

18.     Mr. Almeida purchased the domain name TabelaFipeBrasil.com in January 2013 from an authorized reseller for the domain name registrar Tucows Domains Inc., which operates under the name Siteground.

19.     Mr. Almeida was the registrant of the TabelaFipeBrasil.com domain name until the domain name was stolen by Defendant John Doe.

20.     Attached as Exhibit B is an archived "whois" record from September 29, 2013 identifying Mr. Almeida as the owner of the TabelaFipeBrasil.com domain name.

21.     Attached as Exhibit C is an archived "whois" record from May 15, 2018 identifying Mr. Almeida as the owner of the TabelaFipeBrasil.com domain name.

22.     Attached as Exhibit D is an email receipt confirming Mr. Almeida's payment to renew the TabelaFipeBrasil.com domain name registration through January 3, 2020.

23.     Mr. Almeida acquired the TabelaFipeBrasil.com domain name for use as the name of a website providing information regarding automobile prices in Brazil and, after acquiring the TabelaFipeBrasil.com domain name, Mr. Almeida developed a website featuring information and data concerning automobile, motorcycle, and truck makes, models, features and sales information, and he continued to update this information on at least a monthly basis over a period of six years until the domain was stolen.

24.     In order to develop the site, Mr. Almeida created a database with a complete structure for the definition of the vehicles and prices per month. The website was then developed using Joomla as the base component and many other custom components developed by Mr. Almeida to provide the required functionality.

25.     The initial version of the site was released by Mr. Almeida in January 2013 and, since that time, he has updated and improved the site including, for example, the addition of

charts with price variation, the ability to review several months of historical data, generic models, new articles, and many other changes and improvements.

26.     In 2015, Mr. Almeida had a meeting with Google representatives to discuss changes to the Google Adsense ads displayed on the TabelaFipeBrasil.com website to maximize the revenue and user experience. Mr. Almeida subsequently implemented additional changes and improvements to the site, which had a positive impact on visitors' experience on the site and on the revenue the site received from Google Adsense.

27.     In 2017 after another meeting with Google representatives, Mr. Almeida was advised to improve the mobile component of the TabelaFipeBrasil.com website because, according to the Google representatives, people were starting to use more smartphones devices than desktops to obtain information and sites that did not perform well on mobile devices would be penalized by Google searches on mobile devices.

28.     The 2017 discussions with Google representatives led to changes to the TabelaFipeBrasil.com site that were very complex and which demanded many weeks of development and coding by Mr. Almeida. Once completed, the 2017 upgrades to the site had a positive impact on visitors' experience on the site and on the revenue the site received from Google Adsense.

29.     As the developer and author of the source code, databases, and graphical user interfaces for the TabelaFipeBrasil.com website, and all modifications and improvements thereto, Mr. Almeida is the owner and proprietor of all right, title and interest in and to the copyrights in such works.

30.      Mr. Almeida used the TabelaFipeBrasil.com domain name in U.S. and international commerce in association with providing a website featuring information and data

© 2019 Wiley Rein LLP.  All rights reserved.                                                                6

concerning automobile, motorcycle, and truck makes, models, features and sales information—until Defendant John Doe stole the domain name and thereby disabled Mr. Almeida's access to and control of the domain name.

31.     In June and July of 2019, the TabelaFipeBrasil.com had nearly 15,000 page views from visitors based in the United States, and Mr. Almeida is entitled to common law trademark protection in the TabelaFipeBrasil.com mark by virtue of his use of the mark in U.S. and international commerce in association with *inter alia* providing a website featuring information and data concerning automobile, motorcycle, and truck makes, models, features and sales information.

32.     John Doe's unauthorized transfer and subsequent misuse of the Defendant Domain Name further demonstrates that the TabelaFipeBrasil.com mark is entitled to trademark protection.

33.     As a stolen domain name, no subsequent registrant may acquire title to the Defendant Domain Name that is superior to Mr. Almeida's title to the TabelaFipeBrasil.com domain name.

### UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME

34.     The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

35.     The Verizon 2018 Data Breach Investigations Report reported that there were over 53,000 security breaches in the U.S. in 2017, and 58% of the victim companies were small businesses.

36.     Mr. Almeida's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

© 2019 Wiley Rein LLP.  All rights reserved.

37.     Mr. Almeida maintains a domain name management account with a domain name reseller for the domain registrar Tucows Domains Inc., which operates under the name Siteground.

38.     Mr. Almeida's domain name management account with Siteground is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Almeida's user name and password.

39.     Mr. Almeida recently received notice from Siteground that the email for his account with Siteground had been changed and, upon logging to his account, learned that the TabelaFipeBrasil.com domain name had been transferred from Siteground to NameCheap Inc.

40.     A search of Mr. Almeida's administrative e-mail account reveals that Mr. Almeida never received a notification from Siteground that the Defendant Domain Name was being transferred. Such a domain name transfer notification email is required by ICANN.

41.     On information and belief, John Doe obtained unauthorized access to Mr. Almeida's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through a surreptitious manner intended to avoid detection by Mr. Almeida.

42.     On information and belief, John Doe prevented Mr. Almeida from receiving electronic communications seeking approval for the transfer of the Defendant Domain Name and obtained unauthorized access to such electronic communications so as to approve the transfer.

43.     When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Almeida's ability to control the domain name and associated website.

© 2019 Wiley Rein LLP.  All rights reserved.                                                                              8

44.    When Defendant John Doe obtained unauthorized access to Mr. Almeida's Siteground account, Defendant John Doe made an unauthorized copy of the source code, databases, and/or graphical user interfaces for the TabelaFipeBrasil.com website and has thereafter used such works without authorization from Mr. Almeida.

45.    The registration and use of the Defendant Domain Name by John Doe are without authorization from Mr. Almeida.

46.    The Defendant Domain Name does not reflect the trademark or intellectual property rights of John Doe.

47.    On information and belief, the Defendant Domain Name does not reflect the legal name of John Doe.

48.    John Doe has not engaged in bona fide noncommercial or fair use of Mr. Almeida's TabelaFipeBrasil.com trademark in a website accessible under the Defendant Domain Name.   To the contrary, John Doe has been using Mr. Almeida's website available at the Defendant Domain Name to receive compensation from Google for advertisements displayed on the Mr. Almeida's website.

49.    John Doe transferred the Defendant Domain Name without authorization from Mr. Almeida and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Mr. Almeida's TabelaFipeBrasil.com mark.

## FIRST CLAIM FOR RELIEF (IN REM)
### *Violation of the Anticybersquatting Consumer Protection Act*

50.    Mr. Almeida repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

51.    Mr. Almeida's TabelaFipeBrasil.com mark is distinctive and was distinctive prior to the time the Defendant Domain Name was transferred away from Mr. Almeida without

© 2019 Wiley Rein LLP.  All rights reserved.                                                                                      9

authorization and thereby unlawfully registered to John Doe.

52.     The aforesaid acts by John Doe constitute registration, trafficking, and/or use of a domain name that is identical to Mr. Almeida's TabelaFipeBrasil.com mark, with bad faith intent to profit therefrom.

53.     The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

54.     The aforesaid acts have caused, and are causing, great and irreparable harm to Mr. Almeida and the public.   Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.   Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, Mr. Almeida is entitled to an order transferring the Defendant Domain Name registration back to Mr. Almeida.

## SECOND CLAIM FOR RELIEF (IN REM)
### _Quiet Title_

55.     Mr. Almeida repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

56.     Mr. Almeida has valid legal and equitable title to the Defendant Domain Name by virtue of his registration and ownership of the domain name since 2013.

57.     The Defendant Domain Name was stolen from Mr. Almeida and no subsequent registrant may acquire valid title to the domain name—whether or not any such registrant purports to be a bona fide purchaser.

58.     Through control of the domain name, John Doe has asserted a claim to the Defendant Domain Name that impedes Mr. Almeida's ownership and control of the domain name and constitutes a cloud on Mr. Almeida's title to the domain name.

59.     Mr. Almeida is entitled to a declaration from the Court that he is the lawful owner

© 2019 Wiley Rein LLP.  All rights reserved.

and registrant of the Defendant Domain Name and that there are no other valid claims against the

title to the Defendant Domain Name.

## THIRD CLAIM FOR RELIEF (IN PERSONAM)
### *Copyright Infringement*

60.     Mr. Almeida repeats and realleges each and every allegation set forth in the

foregoing paragraphs, as though fully set forth herein.

61.     At all times relevant hereto, Mr. Almeida has been and still is the owner and

proprietor of all right, title, and interest in and to the source code, databases, and graphical user

interfaces for the TabelaFipeBrasil.com website.

62.     The source code, databases, and graphical user interfaces for the

TabelaFipeBrasil.com website contain creative material wholly original to Mr. Almeida and are

copyrightable subject matter under the copyright laws of the United States.

63.     The source code, databases, and graphical user interfaces for the

TabelaFipeBrasil.com website are non-U.S. works that were first published in Portugal and are

exempt from the copyright registration requirements of 17 U.S.C. § 411.

64.     With full knowledge of Mr. Almeida's rights, Defendant John Doe has infringed

and continues to infringe Mr. Almeida's copyrights by reproducing, distributing, and/or

displaying the source code, databases, and graphical user interfaces for the TabelaFipeBrasil.com

website.

65.     Such reproducing, distributing, and/or displaying of the source code, databases,

and graphical user interfaces for the TabelaFipeBrasil.com website was done by Defendant John

Doe without the consent, approval or license of Mr. Almeida.

66.     The above acts by Defendant John Doe violate Mr. Almeida's exclusive rights

under § 106 of the Copyright Act, 17 U.S.C. § 106, and constitute infringement of Mr. Almeida's

copyrights.

67.     The foregoing actions of Defendant John Doe have been knowing, deliberate, willful and in utter disregard of Mr. Almeida's rights.

68.     Defendant John Doe's conduct has caused and is causing immediate and irreparable injury to Mr. Almeida and will continue to damage Mr. Almeida unless enjoined by this Court.  Mr. Almeida has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF (IN PERSONAM)
### *Violation of the Computer Fraud & Abuse Act*

69.     Mr. Almeida repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

70.     John Doe: (a) knowingly and intentionally accessed Mr. Almeida's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Mr. Almeida's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Mr. Almeida's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

71.     John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr. Almeida.

72.     Mr. Almeida has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Name.

## FIFTH CLAIM FOR RELIEF (IN PERSONAM)
### *Violation of the Electronic Communications Privacy Act*

73.    Mr. Almeida repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

74.    On information and belief, John Doe intentionally accessed without authorization electronic communications sent by Siteground and/or Tucows to Mr. Almeida seeking Mr. Almeida's approval for the transfer of the Defendant Domain Name.

75.    On information and belief, John Doe obtained such electronic communications and/or prevented Mr. Almeida's authorized access to such electronic communications while the communications were in electronic storage.

76.    John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

77.    Mr. Almeida has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

## SIXTH CLAIM FOR RELIEF (IN PERSONAM)
### *Conversion*

78.    Mr. Almeida repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

79.    Mr. Almeida is the owner of property rights in and to the Defendant Domain Name.

80.    John Doe has wrongfully taken control of the Defendant Domain Name and the

© 2019 Wiley Rein LLP.  All rights reserved.

the source code, databases, and graphical user interfaces for the TabelaFipeBrasil.com website.

81.    John Doe's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Almeida of use and control of the Defendant Domain Name in violation of Mr. Almeida's rights in and to the domain name.

82.    To the extent that John Doe has subsequently transferred the Defendant Domain Name to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Almeida of use and control of the Defendant Domain Name in violation of Mr. Almeida's rights in and to the domain name.

83.    Mr. Almeida has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Almeida respectfully requests of this Court:

1.    That judgment be entered in favor of Mr. Almeida on his *in rem* claims under the Anticybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the *res* Defendant TabelaFipeBrasil.com, and that the Court declare Mr. Almeida is the rightful owner of the Defendant Domain Name.

2.    That the Court order, pursuant to the judgment in favor of Mr. Almeida on his *in rem* claims, the Defendant Domain Name be returned to Mr. Almeida through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to Mr. Almeida's registrar of choice, Tucows, and by Tucows's change of the registrant back to Mr. Almeida.

3.    That judgment be entered in favor of Mr. Almeida on his *in personam* claims

© 2019 Wiley Rein LLP.  All rights reserved.                                    14

under the Copyright Act, the Computer Fraud and Abuse Act, the Electronic Communications

Privacy Act, and for Conversion against Defendant John Doe.

4.      That the Court order, pursuant to the judgment in favor of Mr. Almeida on his *in personam* claims, an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees;

5.      That the Court enter injunctive relief in favor of Mr. Almeida; and

6.      That the Court order an award to Mr. Almeida of such other and further relief as the Court may deem just and proper.

Dated: August 22, 2019          By:      _____/s/ Attison L. Barnes, III /s/_____
                                         Attison L. Barnes, III (VA Bar No. 30458)
                                         David E. Weslow (*for pro hac admission*)
                                         Adrienne J. Kosak (VA Bar No. 78631)
                                         WILEY REIN LLP
                                         1776 K St. NW
                                         Washington, DC 20006
                                         (202) 719-7000 (phone)
                                         (202) 719-7049 (fax)
                                         abarnes@wileyrein.com
                                         dweslow@wileyrein.com
                                         akosak@wileyrein.com

                                         *Counsel for Plaintiff*
                                         *João Almeida*

© 2019 Wiley Rein LLP. All rights reserved.

## **VERIFICATION**

I, João Almeida, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

João Almeida
_____

21 AUG 2019
_____
Date